IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO JOSEPH,

    Petitioner,                                No. CIV S-12-1061 GGH P

    vs.

WILLIAM KNIPP,

    Respondent.                               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned. Docket # 3. Petitioner challenges his 1997 Sacramento County Superior Court conviction for burglary and receiving stolen property for which he received a sentence of 25-years-to-life plus ten years. The grounds of his petition include 1) a claim of ineffective assistance of counsel in not investigating or presenting evidence regarding his mental health and 2) a claim involving exculpatory evidence in the form of three other people confessing to the crimes, i.e., a claim of actual innocence.

        Court records reveal that petitioner has previously filed an application for a writ of habeas corpus challenging his 1997 Sacramento County Superior Court conviction and sentence. His original application was filed on January 3, 2000, and was denied on the merits on August 4,

2003. <u>Joseph v. Pliler</u>, CIV No. S-00-0004 EJG GGH P. A subsequent application was transferred to the Ninth Circuit Court of Appeals for consideration as a successive petition on November 29, 2004. <u>Joseph v. Knowles</u>, CIV No. S-04-1780 MCE GGH P. No authorization from the Ninth Circuit to proceed in that case was forthcoming per the case docket.

      This appears to be petitioner's second successive petition. As such, it must be authorized by the Ninth Circuit before petitioner may proceed. <u>See</u> 28 U.S.C. 2244(b)(3); Rule 9, Rules Governing Section 2254 Cases. Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."[1]

      Accordingly, IT IS ORDERED that the instant petition be transferred to the Ninth Circuit Court of Appeals for consideration as a successive petition.

DATED: April 30, 2012

                          /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE

GGH:009
jose1061.scs

---

[1] The court has not ruled on petitioner's application to proceed in forma pauperis, <u>see</u> U.S.C. §§ 1914(a); 1915(a), as no filing fee is required in the Court of Appeals under Ninth Circuit Rule 22-3(a).